IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ALVIN FREDY ORELLANA, <br> TDCJ-CID # 771630, <br><br> Plaintiff, <br><br> v. <br><br> RISSIE OWENS, TEXAS DEPARTMENT <br> OF PARDONS AND PAROLES, <br><br> Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. V-05-0120 |

## **MEMORANDUM OPINION AND ORDER**

Alvin Fredy Orellana, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 and seeks permission to proceed as a pauper under 28 U.S.C. § 1915.  After reviewing the complaint, court **DISMISSES** this action as frivolous.

Orellana names Rissie Owens of the Texas Board of Pardons and Paroles (BPP), as the defendant. Orellana complains that the BPP has given him a five year a "set-off" in violation of the *ex post facto* clause.  He claims that when he entered TDCJ-CID nine years ago the BPP was required to review prisoners every three years which limited set-offs to no more than three years. Orellana further asserts that his parole release has been delayed due to an incorrect TDCJ-CID record of a prison disciplinary infraction.   Orellana seeks an order reversing the BPP's decision regarding his next review date.

A change in the law or rule violates the *ex post facto* clause if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed.  *Calder v.*

*Bull*, 3 U.S. 386, 390 (1798).  With respect to parole, the question is whether a change in the law actually alters the definition of what constitutes criminal conduct or increases the penalty that may be imposed for a crime.  *California Dept. of Corrections v. Morales*, 115 S.Ct. 1597, 1602 n.3 (1995).  The fact that a change in the parole procedures places a prisoner at some ambiguous disadvantage regarding an opportunity to be considered for a discretionary release does not constitute a violation of the *ex post facto* clause.  *Id.*

It would be futile for Orellana to seek a reversal of the BPP's decision to delay or deny parole because he cannot demonstrate that he was deprived of some right secured to him by the Constitution or the federal laws.  *See Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  A prison inmate does not have a constitutional right to be released before the expiration of a valid sentence.  *Greenholtz v. Nebraska Penal & Corrections*, 99 S.Ct. 2100, 2104 (1979).  Texas prisoners do not have a state created liberty interest in parole reviews for due process purposes.  *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (dismissing *ex post facto* civil rights challenge).  Therefore, this action is insupportable because Orellana has failed to state a claim that would entitle him to relief.  *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (dismissing *ex post facto* habeas challenge).

Orellana's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.  An *in forma pauperis* civil rights action may be dismissed *sua sponte* if it is frivolous.  28 U.S.C. § 1915(e).  This action is frivolous because it lacks an arguable basis in law.  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Orellana is entitled to proceed as a pauper, but he must pay the filing fee ($ 250.00) when the funds become available.  28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund is

**ORDERED** to deduct 20 percent from each deposit made to Orellana's inmate trust account and forward the funds to the Clerk of this court on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee has been paid.

### Conclusion

It is, therefore, ORDERED as follows:

1. This prisoner action, filed by Inmate Alvin Fredy Orellana, TDCJ-CID # 771630, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Application to Proceed in forma pauperis (Docket Entry No. 2) is **GRANTED**.

3. The TDCJ-ID Inmate Trust Fund is **ORDERED** to collect the entire filing fee owed ($250.00) and forward the funds to the Clerk of the court as provided in this Order. 28 U.S.C. § 1915(b).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 7th day of July, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE